UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 08-10385-RGS

UNITED STATES OF AMERICA

v.

PRUDENCE KANTENGWA

**DRAFT** JURY INSTRUCTIONS
(not yet proofread)

May 3, 2012

Members of the Jury:

Now that you have heard the evidence in the case and the closing arguments of the lawyers, the time has come for me to instruct you on the law. My instructions will be in four parts: first, some instructions on the general rules that define the duties of the jury in a criminal case; second, a brief review of what is and what is not evidence in a criminal trial, together with some guidelines that may assist you in evaluating the evidence that has been presented; third, I will give instructions defining the elements, or components, of the crimes charged; and finally, I will explain the rules that will guide the conduct of your deliberations.

In defining the duties of the jury, let me first remind you of the general rules.

It is your duty to find the facts from all of the evidence in the case. To the facts as you find them you must apply the law as I will explain it to you. You must follow the applicable law as I will define it, whether you personally agree with the wisdom of the law or not. You must do your duty as jurors regardless of any personal likes or

dislikes, opinions, prejudices, or sympathy. That means that you must decide the case based solely on the evidence that is before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything that I may have said or done during the brief course of the trial, any suggestion from me as to the verdict you should return – that is a matter entirely up to you. Even if I were to have an opinion as to what your verdict should be, my opinion would be utterly irrelevant. The verdict is yours, and yours alone, to render as the sole judges of the facts.

At the beginning of the case, I explained some important rules that govern criminal trials. I will restate them for you now in more detail. There are three basic rules.

The first rule is that a defendant is presumed innocent unless and until proved guilty, and this presumption alone is sufficient to acquit her. The indictment brought by the United States against Ms. Kantengwa is an accusation, and only that; it is not proof of anything at all. A defendant is innocent in the eyes of the law, unless and until you, as the jury, decide, unanimously, that the government has proved her guilt beyond a reasonable doubt.

That brings me to the second rule. In a criminal case, the burden of proving guilt is on the government. It carries that burden throughout the trial. A defendant never has the burden of proving his innocence. The right of a defendant to put the government to its proof is one of the most fundamental guarantees of our Constitution. Ms.

Kantengwa has elected to exercise her constitutional right not to testify and no negative inference may be drawn from her decision. I stress that you may not speculate about why Ms. Kantengwa did not testify, or even discuss that fact in your deliberations. Again, the burden rests on the government and the government alone to prove Ms. Kantengwa's guilt beyond a reasonable doubt.

Now, what is proof beyond a reasonable doubt? The term is often used, and is probably pretty well understood intuitively, although it is not easily defined. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, or proof to a mathematical certainty, for almost everything in our common experience is open to some possible or imaginary doubt. It does, however, mean that the evidence must exclude any reasonable doubt as to the defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from the lack of relevant evidence. Reasonable doubt exists when, after weighing and considering all of the evidence in the case, using your reason and common sense, you cannot say that you have a firm and settled conviction that a charge is true.

A defendant is never to be convicted on suspicion or conjecture. If, for example, you were to view the evidence in the case as reasonably permitting either of two conclusions – one that Ms. Kantengwa is guilty of the crime charged, the other that he is not guilty of the offense – then it follows that you would be required to find her not guilty.

It is not enough for the government to establish a probability, even a strong probability, that a defendant is more likely guilty than not. That is not enough. Proof

beyond a reasonable doubt must be proof of such a convincing character that you can, consistent with your oath as jurors, conscientiously base your verdict upon it. If you so find as to the charge against Ms. Kantengwa, you will return a verdict of guilty. If, on the other hand, you think there is a real possibility that Ms. Kantengwa is not guilty of the charge set out in the indictment, you must give her the benefit of that doubt, and find her not guilty.

Next, I want to review with you what is meant by evidence in the context of a criminal trial.

Evidence is produced at a criminal trial in one of three ways.

First, through the sworn testimony of witnesses, both on direct and cross-examination.

Second, through physical objects, or exhibits, identified by a witness, and admitted as such during the trial.

Third, by stipulation, or agreement between the parties that certain facts are true and need not be independently proven as such at trial. An example is the agreement of the attorneys as to the authenticity of certain documents that were admitted in evidence.

Certain things are not evidence and are not to be treated as such in your deliberations.

1. Arguments and statements by lawyers, as I have cautioned, are not evidence. What the lawyers have said over the course of the trial you may find helpful, or even persuasive in reaching a verdict, but the facts are to be determined from your own

evaluation of the testimony of the witnesses, the exhibits, and any reasonable factual inferences you choose to draw from the evidence that has been admitted.

2. Questions to witnesses are not evidence. They can only be considered in the sense that they give context or meaning to a witness's answer.

3. Objections to questions are not evidence. Attorneys, as I explained at the beginning of the trial, have a duty to their clients to object when they believe that a question is improper under the rules of evidence. You should not be influenced by the fact that an objection was made or by the way I ruled on it. If I sustained the objection, you should ignore the lawyer's question, and any assertion of fact that the question might have contained. If the objection was overruled, you should treat the question and the witness's answer like any other.

4. Anything you may have seen or heard outside the courtroom during the course of the trial is not evidence. You must decide the case solely on the evidence that was offered and received in open court.

5. If you have kept notes, as most of you have, remember that your notes are not evidence. They are only an aid to be used during the deliberations to refresh your recollection of the testimony that was offered during the trial.

Regardless of the way in which evidence is presented, you will recall that it comes in one of two forms, either as direct or as so-called circumstantial evidence. Direct evidence is direct proof of a fact, usually offered through the testimony of a person who claims to have been an eyewitness to an event or a participant in a conversation. Circumstantial evidence is proof of a fact, or a set of facts, from which

you could infer or conclude that another fact is true, even though you have no direct evidence of that fact.

For instance, if you were to awake in the morning and, even though the day dawned bright and clear, see puddles of water on the street, you might draw the inference that it had rained during the night, even though your sleep had been uninterrupted. In other words, the fact of rain is an inference that can be drawn from the presence of water on a street. An inference may be drawn, however, only if it is reasonable and logical, and not if it is speculative or based on conjecture. If, for example, you observed puddles of water on your street, but not on any other street in your neighborhood, other facts, like a broken water main, or if you live in the suburbs, a neighbor's malfunctioning sprinkler system, might explain the presence of water. In deciding whether to draw an inference, you must look at and consider all of the facts in the case in the light of reason, common sense, and your own life experience.

Neither type of evidence, direct or circumstantial, is considered superior or inferior to the other. Both types of evidence may be considered in reaching your verdict and may be given whatever weight you as the finders of fact deem that evidence to be worth.

Most evidence received at trial is offered through the testimony of witnesses. As the jury, you are the sole judges of the credibility of these witnesses. If there are inconsistencies in the testimony, it is your function to resolve any conflicts, and to decide where the truth lies.

You may choose to believe everything that a witness said, or only part of it, or none of it. If you do not believe a witness's testimony that something happened, that of course is not evidence that it did not happen. It simply means that you must put aside that testimony and look elsewhere for credible evidence before deciding where the truth lies.

Often it may not be so much what a witness says, but how he or she says it that might give you a clue whether or not to accept his or her version of an event as believable. You may consider a witness's character, his or her demeanor on the witness stand, his or her frankness or lack of frankness in testifying, whether the witness was contradicted by anything that he or she said before the trial, and whether the testimony appears reasonable or unreasonable, probable or improbable, in light of all the other evidence in the case. You may take into account how good an opportunity the witness had to observe the facts about which he or she testified, his or her mental and physical state at the time the observations were made, the degree of intelligence the witness shows, and whether his or her memory seems accurate. You may consider a witness's motive for testifying, whether he or she displays any bias in doing so, and whether as a result he or she has an interest in the outcome of the case. Now simply because a witness has an interest in the outcome of the case does not mean that the witness is not trying to tell you the truth as he or she recalls it or believes it to have been. But a witness's interest in the case is a factor that you may consider along with everything else. You may also consider the fact that a witness may be perfectly sincere in his or her account of an event and simply be mistaken as to the truth.

As a rule a witness is not permitted to offer an opinion about the facts to which he testifies, unless it concerns a matter falling within our common everyday experience. An exception is made for those who are asked to testify as experts as was Professor Longman and Mr. Benn. These are witnesses, who by education and experience, have acquired specialized knowledge in some art, science, or calling. These witnesses are permitted to give opinions about matters falling within their particular expertise, and may also give reasons for their opinions. This type of testimony is allowed in the belief that the knowledge of certain experts is so specialized that the facts which they have mastered are beyond the collective knowledge of the court and the jury.

The credibility of the testimony of an expert witness is judged like that of any other witness. Simply because the law allows a witness to give an opinion does not mean that you must accept that opinion. If you decide that the opinion of an expert witness is not based on sufficient education or experience, or if you conclude that the reasons given for the opinion are not convincing or are outweighed by other evidence in the case, you may disregard the opinion entirely.

## THE OFFENSES

With these preliminary instructions in mind, let me turn to the offenses with which Ms. Kantengwa is charged in the Indictment. They are respectively: fraudulent use of a visa; perjury, and obstruction of justice. Ms. Kantengwa has pled not guilty to each of these charges. When a defendant pleads not guilty, the government is put to the obligation of proving each material component of every crime charged. We commonly call these components the "elements" of the crime. The government has the

burden of establishing each element of an offense by proof beyond a reasonable doubt. An Indictment typically charges that an offense was committed "on or about" a given date or dates, rather than "on" a certain date. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date in reasonable proximity to the date alleged. Where an Indictment as here charges multiple crimes, each is set out separately in what are called counts. The indictment in this case is comprised of a number of separate counts, some nine in number. I will describe each specie of offense as it appears in the indictment.

## VISA FRAUD

In Counts 1 and 2 of the Indictment, Ms. Kantengwa is charged with violations of Title 18, United States Code, section 1546(a). Count 1 of the Indictment reds as follows:

On or about January 29, 2004, in the District of Massachusetts and elsewhere, the defendant, Ms. Kantengwa, did knowingly utter, use and possess a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a Non-Immigrant Visa, by which the defendant entered the United States at Boston, Massachusetts, knowing it to have been falsely made and procured by means of false claims and statements, and to have been otherwise obtained by fraud and unlawfully obtained; said visa was thus procured and obtained in that the defendant did provide false information as to material facts in the Application to obtain said Non-Immigrant Visa Application and Rwandan Questionnaire (that was submitted as part of said Application), as follows:

9

In response to a question that asked "Were you or any immediate family members (spouse, parents, siblings, children) ever a member of the Armed Forces of Rwanda (FAR), the army or militia force, the Gendarmerie, police Communal, Service de Renseignment, Presidential Guard, Interahamwe, PALIR, or ALIR,If so, please explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth above were false, in that in that the Defendant's husband was a member of the Service de Renseignment, in fact, he served as the Director.

In response to a questions that asked "Were you or any of your immediate family members (spouse, parents, siblings, children) ever members of a political party, particularly CDR (coalition pour la Defense de la Republique) or MRND (Mouvement Revolutionaire pour le Developpement), organization (civil society), or association in Rwanda? If so, explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth above were false, in that both the Defendant and her husband had been members of the MRND.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt.

First, that Ms. Kantengwa knowingly used or possessed a Non-Immigrant Visa; and second, that she knew that the Visa was procured by means of a false claim or statement. An act is done "knowingly" if a defendant is aware of what she is doing and not acting out of ignorance, mistake, or accident. A statement is false if it was untrue when made, and known at the time to be untrue by the person making it. A statement is "material" if it has a natural tendency to influence or to be capable of influencing the function of the government agency to which it was addressed. I will say more about materiality shortly. These definitions will apply to each offense that I describe of which they are an element.

# FALSE STATEMENT IN IMMIGRATION DOCUMENT

Count 2 of the4 Indictment reads:

On or about March 8, 2004, in the District of Massachusetts, the defendant, did knowingly make under oath, and did knowingly subscribe as trueunder penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application and document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-589, Application for Asylum andWithholding Removal, by which the defendant applied to remain in the United States and avoid removal, and did knowingly present such application and document which contained a false statement, to wit:

In response to a question that asked: "Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted and sentenced for any crimes in the United States?" the Defendant responded by putting an "X" in the box indicating "No."

As the defendant then and there well knew, the statement set forth above was false, in that, as set forth in Count One, the Defendant had previously committed a crime in the United States by uttering, using and possessing a document prescribed bystatute and regulation for entry into and as evidence of authorized stay in the United States, that is, a Non-Immigrant Visa, knowing it to have been falsely made and procured by means of false claims and statements, and to have been otherwise obtained by fraud and unlawfully obtained.

To find Ms. Kantengwa guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt.

First, that Ms. Kantengwa knowingly made a material false statement under pains and penalties of perjury. Second, that she made the statement voluntarily and intentionally; and third, that she made the statement in an immigration form, Form I-589, Application for Asylum and Withholding Removal.

PERJURY

The Indictment charges Ms. Kantengwa in counts 3 - 8 with violating Section 1623 of Title 18 of the United States Code. Section 1623 is a criminal statute that makes it an offense for any person to knowingly make any false material declaration in a statement made under oath or signed under penalties of perjury in connection with any proceeding before any court of the United States. In order to find Ms. Kantengwa guilty of this offense, you must be satisfied beyond a reasonable doubt of the following four elements with respect to each count.

First, that Ms. Kantengwa made a statement or declaration under oath or under penalties of perjury in connection with a proceeding before a court of the United States; second, that Ms. Kantengwa made a false statement; third, that she acted knowingly; and fourth, that the statement was material to the proceeding being conducted by the court.

I will summarize the statements specified in the Indictment by count as perjurious. They are Count 3, that all statements in Ms. Kantengwa's immigration documents were truthful; Count 4, that she was not interested in political matters and did not subscribe to the views of any Rwandan political party after 1991; Count 5, that her husband had not belonged to any political party; Count 6, that her husband was not a member of a political group in 1994; Count 7, that that there was no roadblock

12

outside the hotel in Butare where she stayed in April and May of 1994; and Count 8, that if there had been a roadblock in front of the hotel, she would have seen it. The precise wording of each question and answer is very important; consequently I have attached to these instructions the exact language set out in each of the perjury counts of the Indictment for you to consult during your deliberations.

As for the first element of perjury, you must find beyond a reasonable doubt that Ms. Kantengwa made a statement either under oath or under pains and penalty of perjury. In other words, you must find beyond a reasonable doubt that Ms. Kantengwa testified before the Immigration Court after having sworn an oath to tell the truth, a matter that is not in dispute.

With respect to the second element, you must find beyond a reasonable doubt that the statements at issue were false as charged in the Indictment.

For a statement to be perjurious, it must not only be false; its maker must also have known that it was false when made. In other words, the government must prove beyond a reasonable doubt that Ms. Kantengwa knowingly told a falsehood. Your decision whether Ms. Kantengwa acted knowingly in making any statement you find to be false involves a decision about her state of mind at the time the statement was made. It is ordinarily impossible to directly prove the operation of a defendant's mind. You obviously cannot look into a person's mind to see her thought processes. But a consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer with a reasonable degree of accuracy what the defendant's state of mind was when the statement at issue was were made. In other words circumstantial evidence may assist you in determining state of mind.

With respect to the final element of perjury, you must find beyond a reasonable doubt that the false statement under consideration was material to the proceeding in connection with which the statement was made. A statement is material if it had a natural tendency to influence the tribunal before which it was made, in this case the Immigration Court hearing Ms. Kantengwa's asylum claim. Materiality is demonstrated if a truthful statement could aid a court's inquiry, or if a false statement could hinder it.

The statement need not have actually influenced the court, and need not even have been related to the primary subject matter of the proceeding in order to be material. Rather, the statement may be material if it pertained to any proper subject matter of the court's inquiry, including the issue of credibility. The government need not prove that the false or misleading information would have resulted in a denial of Ms. Kantengwa's asylum claim, but rather that the disclosure of the fact would have likely influenced the Immigration Court's actions in some way.

The government need only establish a nexus between the false statements and the scope of the court's inquiry. Materiality is measured by an objective standard. The question is not whether the Immigration Judge subjectively considered the false statements to be material, but whether the statements themselves had a natural tendency or potential to influence the Court.

## OBSTRUCTION OF JUSTICE

Ms. Kantengwa is separately charged in Count 9 of the Indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. This is a criminal statute that, among other things, makes it an offense to corruptly

influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice.

In order to prove Ms. Kantengwa guilty of obstruction of justice, the government must prove each of the following elements beyond a reasonable doubt. First, that the Immigration Court Judge was conducting a proceeding; second, that Ms. Kantengwa participated in that proceeding; and third, that she did corruptly obstruct or impede, or endeavor to obstruct or impede the proceeding.

The obstruction of justice law is intended to protect the justice system from corrupt interference. It is aimed at a variety of means by which the orderly and due process of the administration of justice might be impeded, thwarted, or corrupted. The sweep of the statute extends to any corrupt endeavor or effort to interfere with the Immigration Judge's function in the discharge of her duties.

The key word in the statute is "endeavor." As used in this statute, "endeavor" means to make any effort or to do any act, however contrived, to obstruct, impede, or interfere with the court proceeding. It is this endeavor that is the gist of the crime.

Success of the endeavor is not an element of the crime. Any effort, whether successful or not, that is made for the purpose of corrupting, obstructing, or impeding the proceeding is a violation of this law.

The word "corruptly" as used in the statute means having the improper motive or purpose of obstructing justice. In the context of this case, to act corruptly is to act: (1) with the intent to secure an unlawful advantage or benefit; (2) or to engage in any activity that seeks to thwart the efforts to faithfully execute the immigration laws.

## DELIBERATIONS

I will now say a few words about your deliberations.

It is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself, but should do so only after considering all of the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors. This trial has been reasonably brief, but as you can imagine, it has taken a genuine effort by all involved to prepare and present. There is no reason to think that it could have been better tried – it was tried very ably by both sides – or that another jury would be better qualified than you to render a verdict. It is important therefore that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you become convinced that they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply for the expedience of arriving at a verdict.

Your verdict must be unanimous as to whether Ms. Kantengwa is guilty or not guilty of the charge that is being submitted to you for a verdict. You may not draw any inference, favorable or unfavorable to the government, from the fact that any other person was not named as a defendant or is not on trial before you in this case. Similarly, you are not to consider whether Ms. Kantengwa might be guilty of some other crime that the government for whatever reason has chosen not to prosecute. Your task is to determine whether the government has proved beyond a reasonable doubt that Ms. Kantengwa committed the crime that is alleged. The matter of sentencing should also not be a factor in your deliberations. Sentencing is the sole responsibility of the court.

16

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, and not on anything else.

And finally, as I have instructed, bear in mind that the government has the burden of proof and that you must be convinced of a defendant's guilt beyond a reasonable doubt to return a guilty verdict. If you find this burden has not been met, then you must return a verdict of not guilty.

It is very important that you not communicate with anyone outside the jury room about your deliberations or anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note through the court officer, signed by the juror I appoint as your foreperson. No member of the jury should ever attempt to communicate with the court except by means of a signed writing.